**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 25, 2015

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC,* Ad. Pro. No. 08-01789 (SMB) – *Picard v. Cohen* (Adv. Pro. No. 10-04311) (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").

We write in response to a letter dated September 24, 2015 submitted to Your Honor by Loeb & Loeb LLP, Baker & McKenzie LLP, Milberg LLP, Dentons US LLP, and Pryor Cashman LLP on behalf of certain defendants in adversary proceedings ("Defendants"). Defendants seek leave under the Litigation Procedures Order (ECF No. 3141), to move to intervene as defendants in the *Cohen* adversary proceeding ("Request to Intervene") on two legal issues: (1) the scope of the "value defense" under Section 548(c) of the Bankruptcy Code and (2) the availability and the rate and computation of prejudgment interest if a money judgment is entered against a defendant. As discussed below, Defendants are and have been more than fairly and adequately heard or represented on legal issues affecting their cases. If granted, the Request to Intervene would result in a procedurally improper motion that would cause prejudice and delay to both the Trustee and the net loser victims.

As a threshold matter, the Request to Intervene is improper because it is predicated on the false premise that there is a "value" defense in fictitious profits cases – which there is not – and that such issue will be briefed yet again in the context of this or any other adversary proceeding to recover fictitious profits. These Defendants have unsuccessfully litigated the "value" issue numerous times already in this liquidation proceeding starting as early as June 24, 2011 as grounds for withdrawal of the reference to the

Bankruptcy Court,[1] and were subsequently raised again in motions to dismiss beginning in November 11, 2011.[2] The District Court considered and rejected every single "value" defense articulated in the Request to Intervene in two prior decisions. First, in *Picard v. Greiff,* 476 B.R. 715, 725 (S.D.N.Y. 2012), which resolved motions to dismiss filed by the same Defendants represented by three of the signatories to the Request to Intervene, namely Milberg LLP, Dentons, and Pryor Cashman LLP; the District Court concluded that transfers from BLMIS that "exceeded the return of defendants' principal, *i.e.*, that constituted profits, were not 'for value.'" Subsequently, Judge Rakoff considered and rejected each and every one of the "value" arguments raised by these Defendants – all of whom participated in the consolidated proceeding in the District Court – a second time when that Court held any such claims "did not provide value as against the BLMIS customer property estate under SIPA." *In re Madoff Sec.*, 499 B.R. 416, at 422 n. 6 (S.D.N.Y. 2013) ("Antecedent Debt Decision"). Notwithstanding, these very same Defendants – for the third time – asserted the exact same arguments in the Omnibus Good Faith Motions to Dismiss before this Court. Defendants improperly assert that the value analyses exhausted by this Court and the District Court could not have been sufficiently substantive but in Your Honor's decision issued on June 2, 2015, this Court made matters unequivocally clear when it held that "[t]hose moving defendants that participated in the withdrawal of the reference of the antecedent debt/value issue have had their day in court and Judge Rakoff's decisions are law of the case."[3]

As for the prejudgment interest issue, Your Honor has recognized that such interest is generally available in avoidance actions, and whether it is appropriate in any case such as the *Cohen* matter, is based on the specific facts and circumstances of that case, and is within the full discretion of the Court. *See e.g., In re Teligent, Inc.,* 380 B.R. 324, 344 (Bankr. S.D.N.Y. 2008) (Bernstein, C.J.) (citing *Hechinger Inv. Co. of Del., Inc. v. Universal Forest Prods., Inc. (In re Hechinger Inv. Co. of Del., Inc.),* 489 F.3d 568, 579–80 (3d Cir. 2007)). These Defendants have no standing to argue whether prejudgment interest is appropriate in the *Cohen* case, under those unique facts to be demonstrated at trial, which include transfers from Mr. Cohen's BLMIS accounts and what Mr. Cohen may have done with the proceeds of such transfers. Since these Defendants will not be bound by any finding of this Court concerning prejudgment interest based on those unique facts and circumstances determined at trial, they will likewise not be prejudiced in any way. Indeed, these Defendants will have their day in court to argue whether any such prejudgment interest is appropriate in their individual adversary proceedings consistent with the Litigation Procedures Order, *i.e.*, after discovery and mediation of their individual case.

To grant the Request to Intervene would mean the *Cohen* case— a case that is trial ready under the Litigation Procedures Order—"can't move any faster than the slowest case," especially given that some of

---

[1] *See e.g., Picard v. Blumenthal,* No. 11- Civ-04293 (JSR) (S.D.N.Y. June 24, 2011), ECF No. 2 (Milberg LLP); *Picard v. Goldman*, No. 11-Civ-04959 (JSR) (S.D.N.Y. July 19, 2011), ECF No. 2 (Pryor Cashman LLP); *Picard v. Hein*, No. 11- Civ-04936 (JSR) (S.D.N.Y. July 19, 2011), ECF No. 1-1 (Dentons).

[2] *See e.g., Picard v. Blumenthal*, No. 11- Civ-04293 (JSR) (S.D.N.Y. Nov. 11, 2011), ECF No. 15-1 (Milberg LLP); *Picard v. Goldman*, No. 11- Civ-04959 (JSR) (S.D.N.Y. Jan. 4, 2014), ECF No. 24 (Pryor Cashman LLP); *Picard v. Hein*, No. 11-Civ-04936 (JSR) (S.D.N.Y. Jan. 4, 2014), ECF No. 19 (Dentons).

[3] *In re Madoff Sec.,* 531 B.R. 439, 466 (Bankr. S.D.N.Y. 2015) ("Omnibus Good Faith Decision") citing *Antecedent Debt Decision*, 499 B.R. at 430.

Hon. Stuart M. Bernstein
September 25, 2015
Page 3

Defendants' cases have not yet entered discovery.[4]  This would further prevent Your Honor from deciding any issue until every last defendant is heard on any particular issue. As Your Honor has previously noted on the record several times, it is simply not feasible for a case of this magnitude to efficiently proceed in that manner.

The trial in *Cohen* has been scheduled so that the Trustee may make a factual record proving the elements of his claim under Bankruptcy Code section 548(a)(1)(A), and for Mr. Cohen to have the opportunity to challenge the Trustee's proof.  This is not a forum for Mr. Cohen, or any of the Defendants, to raise frivolous legal arguments that have been foreclosed by the law of this case. This is especially true for Mr. Cohen, who participated in the consolidated briefings and is bound by the Antecedent Debt Decision.  *See Omnibus Good Faith Decision,* 531 B.R. at 466 citing *Antecedent Debt Decision*, 499 B.R. at 430 (noting the mandate from the District Court concerning the "value" issues). The Trustee submits that to allow the Request to Intervene would facilitate an abuse of the judicial process and cause unnecessary delay and prejudice.  Indeed, it would highly prejudicial to the Trustee's trial preparation to have to engage in an immediate and compressed briefing schedule at this late stage to address the merits of the Request to Intervene.

In addition, to be clear, the Revised Joint Pretrial Order in the *Cohen* matter establishing the trial schedule was not only filed in the adversary proceeding (ECF No. 55), but also in the main bankruptcy docket as of August 28, 2015 (ECF No. 11154).  In addition, the notices of the final pre-trial conference were similarly filed in the main bankruptcy docket on April 29, 2015, May 18, 2015, and again on July 15, 2015 (ECF Nos. 9897, 10011, 10668).  Rather than promptly making the Request to Intervene immediately after any one of these filings, Defendants waited until nearly two weeks before trial.  In short, the Request to Intervene seeks to circumvent the Litigation Procedures Order, which was put in place to provide for the orderly administration of the adversary proceedings and prevent such an abuse of process.  Likewise, the Request to Intervene completely disregards the law of this case as recognized by this Court.

For all these reasons, the Trustee submits there is no basis to intervene in the *Cohen* matter before this Court.  We are available to discuss any questions regarding the foregoing.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc (via email):
    David J. Sheehan
    Kevin H. Bell

---

[4] *See* Hearing Re: Conference Re: Request for Consolidated Briefing, at 41:8-15, *In re Madoff Sec.,* Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Feb. 14, 2014).

Hon. Stuart M. Bernstein
September 25, 2015
Page 4

    P. Gregory Schwed
    Richard A. Kirby
    Matthew A. Kupillas
    Carole Neville
    Richard Levy