**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04311 (SMB) |
| Plaintiff, | |
| v. | |
| ANDREW H. COHEN, | |
| Defendant. | |

## SECOND REVISED JOINT PRETRIAL ORDER

Plaintiff Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L.

Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of

Bernard L. Madoff ("Madoff"), and defendant Andrew H. Cohen ("Mr. Cohen," and together

with the Trustee, the "Parties") have further conferred among themselves and with the Court

pursuant to Federal Rule of Civil Procedure 16, made applicable herein by Federal Rule of

Bankruptcy Procedure 7016, and the following statements, directions, and stipulations are

adopted as the Second Revised Joint Pretrial Order herein.

I.       **NATURE OF THE CASE**

This adversary proceeding arises from a Ponzi scheme perpetrated by Madoff through the

investment advisory business of BLMIS (the "Investment Advisor" business).  On December 11,

2008 (the "Filing Date"), Madoff was arrested by federal agents for violating numerous criminal

securities statutes.  On the same day, the United States Securities and Exchange Commission (the

"SEC") filed a complaint in the United States District Court for the Southern District of New

York (the "District Court") against BLMIS and Madoff.  On December 15, 2008, the SEC

consented to a combination of its own action with an application of the Securities Investor

Protection Corporation ("SIPC"), the Trustee was appointed as trustee for the liquidation of the

business of BLMIS under the Securities Investor Protection Act ("SIPA"), and the District Court

removed the combined action (the "Liquidation Proceeding") to this Court.

On November 26, 2010, the Trustee brought this adversary proceeding against Mr.

Cohen, a former employee of BLMIS, to avoid and recover fraudulent transfers totaling

$1,143,461 allegedly received by Mr. Cohen in connection with the Investment Advisory

account (No. 1C1219) that he held at BLMIS (the "Account").  On June 13, 2011, Mr. Cohen

answered the Trustee's Complaint, and asserted a counterclaim against BLMIS for fraud and

breach of fiduciary duty, wherein he alleged that BLMIS improperly caused him to invest with

its Investment Advisory business and then issued account statements misrepresenting the value

of his investment.

On March 14, 2012, Mr. Cohen moved to withdraw the reference that had been made to

this Court on several issues, including:  (i) whether he is entitled to protection under the safe

harbor provision of 11 U.S.C. § 546(e) of the United States Bankruptcy Code ("Section

546(e)"[1]); (ii) whether the Trustee improperly seeks to avoid transfers that BLMIS made in

satisfaction of antecedent debt owed by BLMIS to Mr. Cohen; and (iii) whether this Court has

the constitutional and statutory authority to adjudicate the Trustee's avoidance claims against

Mr. Cohen.  Through several consent orders entered by the District Court, Mr. Cohen's motion

was consolidated with hundreds of other similar motions in order to allow the District Court to

decide each of the issues described above on a consolidated basis.[2]

On April 27, 2012, the District Court held that Section 546(e) applies in this and the other

consolidated adversary proceedings, and dismissed all claims asserted by the Trustee therein

except those made pursuant under Sections 548(a)(1)(A) and 550(a).  *Picard v. Greiff*, 476 B.R.

715 (S.D.N.Y. 2012) (the "Safe Harbor Decision").  On January 4, 2013, the District Court ruled

on the *Stern v. Marshall* issue, and held that although the Bankruptcy Court generally lacks the

authority to enter final judgment on the Trustee's avoidance actions, "whenever the Bankruptcy

Court must resolve a § 502(d) claim brought by the Trustee, it may also finally decide avoidance

actions to the extent that those actions raise the same issues as the § 502(d) claim and thus would

'necessarily' be resolved by it."  *SIPC v. BLMIS*, 490 B.R. 46, 55 and 58 (S.D.N.Y. 2013) (the

"*Stern v. Marshall* Decision").  In those actions where it cannot enter final judgment, the District

Court commanded the Bankruptcy Court "to hear the [avoidance action] in the first instance and

recommend proposed findings of fact and conclusions of law" to the District Court.  *Id.* at 58.[3]

---

[1] Further references to the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, will be made in like fashion.

[2] *See* Order, *SIPC v. BLMIS*, No. 12 MC 115 (S.D.N.Y. April 13, 2012) (No. ECF 4) (relating to the *Stern v. Marshall* issue); Consent Order Granting Certification Pursuant to Fed. R. Civ. P. 54(b) for Entry of Final Judgment Dismissing Certain Claims and Actions, *SIPC v. BLMIS*, No. 12 MC 115 (S.D.N.Y. May 16, 2012) (ECF No. 109) (relating to the Section 546(e) issue); Order, *SIPC v. BLMIS*, No. 12 MC 115 (S.D.N.Y. May 16, 2012) (ECF No. 107) (relating to the antecedent debt issue).

[3] Moreover, the District Court "declined to withdraw the reference of these cases to the Bankruptcy Court 'for cause shown' before the Bankruptcy Court has issued appropriate findings of fact and conclusions of law." *Id.* at 58.

Finally, on October 15, 2013, the District Court held that BLMIS customers are not entitled to

retain avoidable transfers they received from BLMIS under Section 548(c) because such

transfers did not constitute the "satisfaction of . . . antecedent debt" within the meaning of the

statute.  *SIPC v. BLMIS*, 499 B.R. 416, 423 (S.D.N.Y. 2013) (the "Antecedent Debt Decision").

After the District Court issued the Safe Harbor Decision, the Parties proceeded with

discovery on the Trustee's sole remaining claim, Count One of the Complaint, and Mr. Cohen's

counterclaim.  During discovery, Mr. Cohen maintained that given the passage of time since he

opened the Account, he is unable to either admit or deny the existence of many of the transfers

the Trustee maintains he made or received in connection with the Account.  The Parties

concluded all discovery in July 2014.  Earlier this year, the Parties conducted a mediation before

Keith N. Costa that was unsuccessful.

During the pretrial conference on July 16, 2015, Mr. Cohen advised the Court that he

intended to dismiss his counterclaim and that he was waiving his right to have the Trustee's

fraudulent transfer claim tried before a jury.  On August 27, 2015, the Trustee and Mr. Cohen

jointly filed a stipulation with this Court wherein they agreed to the dismissal of Mr. Cohen's

counterclaim.  Also on August 27, 2015, the Parties submitted, at the Court's request, a proposed

Revised Joint Pretrial Order which the Court so ordered the following day.

## II.    BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY COURT MAY ENTER FINAL ORDER OR JUDGMENT

The Trustee commenced this adversary proceeding in this Court before which the

Liquidation Proceeding is also pending.  This Court has jurisdiction over this proceeding under

28 U.S.C. § 1334(b), 15 U.S.C. § 78eee(b)(2)(A) and (b)(4), and Order No. M 10-450 (S.D.N.Y.

July 10, 1984), as amended by Amended Standing Order of Reference, No. M 10-468, 12 Misc.

0032 (S.D.N.Y. Jan. 31, 2012).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H),

and (O).

Given the dismissal of Mr. Cohen's counterclaim, the Parties agree that although this

Court lacks jurisdiction to adjudicate the Trustee's avoidance claim, the Court may hear this

matter in the first instance and recommend proposed findings of fact and conclusions of law to

the District Court.  At this time, Mr. Cohen does not consent to the jurisdiction of this Court to

adjudicate and enter final judgment in this proceeding.

## III.   STIPULATED FACTS

In connection with the trial in this Adversary Proceeding, the Parties hereby stipulate[4] as

follows:

On December 11, 2008 (the "Filing Date"), Madoff was arrested for violating numerous

federal criminal securities statutes.  Contemporaneously, the Securities and Exchange

Commission (the "SEC") commenced proceedings against BLMIS and Madoff in the United

States District Court for the Southern District of New York (the "District Court") in a case

captioned *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et

al.*, No. 08 CV 10791 (the "Liquidation Proceeding").  On December 15, 2008, the SEC

consented to a combination of its own action with an application of the Securities Investor

Protection Corporation ("SIPC") pursuant to Section 78eee(a)(4)(A) of the Securities Investor

Protection Act, 15 U.S.C. § 78aaa, et seq. ("SIPA").  Pursuant to section 78eee(a)(4)(B) of SIPA,

SIPC filed an application in the District Court because BLMIS was not able to meet its

obligations to securities customers as they became due and thus its customers needed the

protections afforded by SIPA.

On December 15, 2008, the District Court granted the SIPC application and entered an

---

[4] This Second Revised Pretrial Order supersedes and restates the stipulations to which the Parties previously agreed as set forth in the Revised Pretrial Order [ECF No. 55].

order pursuant to SIPA which, in relevant part: (i) appointed the Trustee the trustee for the

liquidation of BLMIS pursuant to section 78eee(b)(3) of SIPA; (ii) appointed Baker & Hostetler

LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and (iii) removed the

case to this Court pursuant to section 78eee(b)(4) of SIPA.  Order, Liquidation Proceeding (Dec.

15, 2008) (ECF No. 1).  The Trustee has been found to be a disinterested party in these

proceeding, and has been found to be duly qualified to serve and act on behalf of the estate of

BLMIS.  *Id.*; Order of Disinterestedness of Trustee and Counsel to Trustee, Liquidation

Proceeding (Feb. 4, 2009) (ECF No. 69).

During the relevant period in this Adversary Proceeding, BLMIS was headquartered in

the Lipstick Building, located at 885 Third Avenue, New York, New York, and operated its

Investment Advisory business in that location.  Over this same period, BLMIS was registered

with the SEC as a broker-dealer under section 15(b) of the Securities Exchange Act of 1934,

15 U.S.C. § 78*o*(b).  Between 1991 and 2000, Mr. Cohen was employed by BLMIS as a trader

on its market-making desk.  In early 1996, Mr. Cohen opened an Investment Advisory account at

BLMIS (again, the "Account").  The Account was assigned account number 1C1219.  Marked as

trial exhibit PX1 are true and accurate copies of the Customer Agreement, Trading Authorization

forms, and the Option Agreement executed by Mr. Cohen in connection with the Account.

Mr. Cohen received monthly account statements for the Account.  Marked as trial exhibit

PX2 are true and accurate copies of all monthly customer statements for the Account.  Marked as

trial exhibit PX3 are true and accurate copies of monthly customer statements for the Account

produced by Mr. Cohen in the Adversary Proceeding.  Over the years, Mr. Cohen provided

money to BLMIS to invest in the Account and also withdrew funds from the Account.  Marked

as trial exhibit PX6 are all of the written requests that Mr. Cohen made to BLMIS requesting

withdrawals from the Account.  Mr. Cohen continued to hold the Account through the time

BLMIS ceased operations on or about December 11, 2008.  Prior to BLMIS's collapse, Mr.

Cohen did not have any knowledge or notice of any wrongdoing or fraudulent intent on the part

of BLMIS.

As set forth in the Declaration of Matthew B. Greenblatt, which has been marked as trial

exhibit PX22-A, between January 18, 1996 and December 11, 2008, Mr. Cohen deposited a total

of $2,921,539 into the Account and withdrew a total of $4,065,000 from the Account.  Of the

withdrawals from the Account, a total of $1,143,461 was withdrawn by Mr. Cohen in excess of

the principal, representing fictitious profits[5] (the "Avoidable Transfers"), and all of these

withdrawals took place within the two-year period prior to December 11, 2008 (the "Two-Year

Period").  All of these transactions, reported as either cash deposits or cash withdrawals, are

accurately reflected on the monthly account statements for the Account, marked as trial exhibit

PX2.

As set forth in the Declaration of Lisa M. Collura, which has been marked as trial exhibit

PX18-A, all of the deposit and withdrawal transactions reflected in the monthly account

statements actually took place as evidenced by, and reconciled through a review of, BLMIS bank

records as well as the opinion reached by Ms. Collura therefrom.  Mr. Cohen received during the

Two-Year Period eleven cash withdrawals from the Account totaling $1,330,000, with

$1,143,461 of this total representing fictitious profits, as evidenced by BLMIS bank records and

records relating to the bank account that Mr. Cohen held at Bank of America (the "BOA

Account").  Marked as trial exhibits PX8, PX9, PX18-C and PX18-D are true and accurate

---

[5] In describing the withdrawals received by Mr. Cohen in excess of the principal that he deposited as "fictitious profits," Mr. Cohen does not waive or otherwise compromise his contention that he is entitled to a value defense for those withdrawals under Section 548(c).

copies of BLMIS bank records.  Marked as trial exhibit PX11 are true and accurate copies of the

monthly bank statements and other records relating to the BOA Account.  As established by the

analysis and findings set forth in the Collura Declaration, BLMIS used monies deposited by its

newer customers to fund withdrawals taken by its older customers. Each of the Avoidable

Transfers constituted a transfer of an interest of BLMIS in property within the meaning of

Section 101(54) of the Bankruptcy Code and pursuant to Section  78fff-2(c)(3) of SIPA.

As set forth in the Declaration of Bruce G. Dubinsky, which incorporates and includes

the Expert Report of Bruce G. Dubinsky and which has been marked as trial exhibit PX20-A:

(i) fraud permeated BLMIS; (ii) BLMIS was operating a Ponzi scheme through its IA Business;

and (iii) BLMIS was insolvent from at least December 11, 2002 and all points after.  The

evidence which establishes that the IA Business was a Ponzi scheme includes, but is not limited

to, the following: (i) BLMIS utilized new customer monies to fund its operations, as well as to

fund the withdrawal of fictitious profits and principal for its older customers; (ii) the IA Business

was not generating any legitimate profits since no trading activity was taking place; (iii) the IA

Business was not receiving legitimate financial support from the other business units of BLMIS

in amounts sufficient satisfy the cash requirement needs of the IA Business customer

withdrawals; and (iv) the IA Business was not receiving any legitimate outside financial support

vis-à-vis loans or otherwise.  As a result, BLMIS made each of the Avoidable Transfers to Mr.

Cohen during the Two-Year Period with the actual intent to hinder, delay, or defraud some or all

of its then existing and/or future creditors within the meaning of Section 548(a)(1)(A).

The Parties stipulate that the testimony set forth in the Greenblatt Declaration, the Collura

Declaration, and the Dubinsky Declaration is deemed admitted and is incorporated by reference

in these Stipulated Facts.  The Parties further stipulate that Matthew B. Greenblatt, Lisa M.

Collura, and Bruce G. Dubinsky qualify as expert witnesses under Federal Rule of Evidence 702

and other applicable law.

## IV.    PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following,

contentions of the parties.

### A.    The Trustee's Contentions

1.    Based on orders entered in the Liquidation Proceeding as well as the Stipulated

Facts, the Trustee has standing and authority to avoid and recover the Avoidable Transfers.

2.    Based on the Stipulated Facts, each of the Avoidable Transfers should be avoided

and/or deemed avoided pursuant to Section 548(a)(1)(A).

3.    Mr. Cohen did not provide any value, within the meaning of Section 548(c), in

return for any of the Avoidable Transfers, because each Avoidable Transfer consisted of

fictitious profits from the Ponzi scheme and therefore was nothing more than the money of other

BLMIS customers.  *See* Antecedent Debt Decision at 425-26; Memorandum Decision Regarding

Omnibus Motion to Dismiss, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB), 2015 WL

3465752, at \*14-21(Bankr. S.D.N.Y. June 2, 2015).

4.    Pursuant to Section 550(a), the Trustee is entitled to recover the Avoidable

Transfers, or the value thereof, from Mr. Cohen.

### B.    Mr. Cohen's Contentions[6]

1.    The transfers made by BLMIS to Mr. Cohen were received in good faith and for

value pursuant to Section 548(c).  Accordingly, Mr. Cohen has not been stripped of: his rights

---

[6] Mr. Cohen acknowledges that the following contentions may have already been rejected by the District Court as well as by this Court in other proceedings. Although this Court may not be inclined to – and perhaps cannot – revisit them at trial, Mr. Cohen sets them forth below, out of an abundance of caution, to preserve his ability to raise them on appeal.

which include his right to assert offsets in the form of common-law claims for damages arising out of taxes paid, but not recovered on phantom income; his loss of investment opportunity of the principal invested with BLMIS; prejudgment interest on any claims pursuant to CPLR 5001; his claims for securities fraud pursuant to Section/Rule 10b5 of the Securities Exchange Act of 33/34; and his claims under New York's Article 8 of the U.C.C. for value of the account statements provided by BLMIS.

2.      The application of Sections 546(e) and 548(a) does not permit the Trustee to avoid and/or apply against Mr. Cohen's BLMIS account any transfer prior to the two-year statute of limitation under Section 548.

3.      The Trustee lacks standing to bring these claims on behalf of the BLMIS estate insofar as the estate did not have interest in the funds at issue as they are held by a fiduciary for a customer's benefit and under the doctrine of *in pari delicto.*

4.      The Trustee lacks authority under SIPA §78fff-2(c)(3) to pursue these avoidance actions.

5.      The Trustee's action violates Mr. Cohen's due process due to the Trustee's financial interest in the outcome.

6.      The Trustee's calculation of "clawback exposure" violates Mr. Cohen's due process rights.

7.      The Trustee's calculation of "clawback exposure" fails to account for the time value of Mr. Cohen's deposits, including both interest / time-value of the funds as well as an adjustment for the "real" or constant dollar value of the funds at the time of investment.

## V.   ISSUES TO BE TRIED

The parties anticipate that the following issues will be tried before this Court:

1.      The extent to which any of the Avoidable Transfers made by BLMIS to Mr.

Cohen were made for value and in good faith pursuant to Section 548(c);

2.      Whether Mr. Cohen is entitled to any type of setoff with respect to the Trustee's

fraudulent transfer claim; and

3.      Whether the Trustee is entitled to recover the Avoidable Transfers, or the value

thereof, from Mr. Cohen pursuant to Section 550(a).

## VI.   THE TRUSTEE'S ANTICIPATED TRIAL EXHIBITS

The Trustee offers the following exhibits,[7] which have been incorporated into the

Stipulated Facts in Section III above:

PX1.      Customer agreements, trading authorizations, and options agreements between BLMIS and Mr. Cohen relating to the Account (account file maintained by BLMIS for the Account; Mr. Cohen's document production in these proceedings);

PX2.      Monthly customer statements for the Account from January 1996 through November 2008 (books and records maintained by BLMIS relating to its Investment Advisory business);

PX3.      Monthly statements for the Account from June 2002 through November 2008 (Mr. Cohen's document production);

PX4.      [Given the Stipulated Facts, the Trustee withdraws PX4];

PX5.      [Given the Stipulated Facts, the Trustee withdraws PX5];

PX6.      Written requests made by Mr. Cohen to withdraw funds from the Account (account file maintained by BLMIS for the Account);

PX7.      [Given the Stipulated Facts, the Trustee withdraws PX7];

---

[7] A description of each exhibit is provided, followed by, where applicable, a parenthetical identifying the source of the document or documents.

PX8.        Cancelled checks from JPMorgan Chase Bank N.A. ("JPMorgan Chase")
            account no. xxxxxxxxxx1509 relating to the Account (books and records
            maintained by BLMIS relating to its Investment Advisory business);

PX9.        Cancelled checks from JPMorgan Chase account no. xxxxxxxxxx1509 relating
            to the Account (records produced by JPMorgan Chase in the Liquidation
            Proceeding);

PX10.       Account statements for JPMorgan Chase account no. xxxxx1703 evidencing
            funds transferred by Mr. Cohen by check or wire transfer to BLMIS for
            investment in the Account and/or Mr. Cohen's withdrawal of funds from the
            Account by wire transfer (records produced by JPMorgan Chase in the
            Liquidation Proceeding; books and records maintained by BLMIS relating to
            its Investment Advisory business);

PX11.       Account Statements from Bank of America N.A. account no. xxxxxxxx6774
            evidencing Mr. Cohen's receipt of funds he withdrew from the Account
            (records produced by Bank of America N.A. in this proceeding);

PX12.       [Given the Stipulated Facts, the Trustee withdraws PX12];

PX13.       [Given the Stipulated Facts, the Trustee withdraws PX13];

PX14.       [Given the Stipulated Facts, the Trustee withdraws PX14];

PX15.       [Given the Stipulated Facts, the Trustee withdraws PX15];

PX16.       [Given the Stipulated Facts, the Trustee withdraws PX16];

PX17.       [Given the Stipulated Facts, the Trustee withdraws PX17];

PX18-A.     Declaration of Lisa M. Collura;

PX18-B.     Attachments to the Declaration of Lisa M. Collura (*in electronic format only*);

PX18-C.     BLMIS Global Bank Account Records (statements, deposit slips, cancelled
            checks, and wire file) (*in electronic format only*);

PX19.       [The Trustee is now offering PX19 as PX18-C];

PX20-A.     The Declaration of Bruce G. Dubinsky (which incorporates and includes the
            Expert Report of Bruce B. Dubinsky and attachments thereto);

PX20-B.     Documents cited in the Expert Report of Bruce G. Dubinsky (*in electronic
            format only*);

PX21.       SQL Databases (*in electronic format only*);

PX22-A.     Declaration of Matthew B. Greenblatt;

PX22-B.  Attachments to the Declaration of Matthew B. Greenblatt (*in electronic format only*);

PX22-C.  Customer Statements for all BLMIS Accounts (*in electronic format only*);

PX22-D.  Portfolio Management Reports for all BLMIS Accounts (*in electronic format only*);

PX22-E.  BLMIS Spiral Notebooks (*in electronic format only*);

PX22-F.  BLMIS General Ledgers (*in electronic format only*);

PX22-G.  BLMIS Settled Cash Data (*in electronic format only*);

PX23.    [The Trustee is now offering PX23 as part of PX21 and PX22];

PX24.    [The Trustee is now offering PX24 as part of PX22];

PX25.    [The Trustee is now offering PX25 as part of PX22]; and

PX26.    [Given the Stipulated Facts, the Trustee withdraws PX26].

## VII.   MR. COHEN'S ANTICIPATED TRIAL EXHIBITS[8]

Mr. Cohen anticipates offering the following exhibits during his direct case-in-chief:

DX1.  Andrew Cohen's 2003 personal tax returns;

DX2.  Andrew Cohen's 2004 personal tax returns;

DX3.  Andrew Cohen's 2005 personal tax returns;

DX4.  Andrew Cohen's 2006 personal tax returns;

DX5.  Andrew Cohen's 2007 personal tax returns;

DX6.  Affidavit of R. Paul Speece and exhibits thereto; and

DX7.  Summary of legal fees incurred by Mr. Cohen in defense of action.

Mr. Cohen further proffers and requests that the Court take judicial notice, pursuant to

Federal Rule of Evidence 201, of the following exhibits:

---

[8] The exhibits listed below primarily relate to the Tax Evidence that Mr. Cohen intends to proffer at trial. In the event that the Court concludes that the Tax Evidence is relevant, Mr. Cohen intends to introduce a declaration from Paul Speece which will include reference to the exhibits.

DX8.    United States Department of Labor's Consumer Price Index, for the years 1996 through 2015 inclusive; and

DX9.    The United States Treasury Department's 3 Month Treasury Bill rate, for the years 1996 through 2015 inclusive.

Mr. Cohen reserves the right to rely upon and introduce any of the Trustee's exhibits, identified in Section VI above, in defense of the Trustee's claim.

## VIII.    STIPULATIONS AND OBJECTIONS REGARDING TRIAL EXHIBITS AND TESTIMONY

1.    Except for the testimonial trial exhibits (addressed in No. 3 below), the Parties stipulate to the authenticity and admissibility, respectively, under Federal Rules of Evidence 901 and 803(6), of all of the Trustee's trial exhibits identified in Section VI above.

2.    The Parties stipulate to the authenticity of Mr. Cohen's non-testimonial trial exhibits DX1 through DX5, DX8, and DX9 identified in Section VII above.  The Trustee objects to all of Mr. Cohen's trial exhibits on the basis of relevancy, including the Speece Declaration. In the event the Court overrules the Trustee's objection with respect to the Speece Declaration, the Trustee consents to the use of the Speece Declaration in lieu of his live testimony.

3.    As noted in Section III above, the Parties stipulate that the testimony set forth in the Greenblatt Declaration (PX22-A), the Collura Declaration (PX18-A), and the Dubinsky Declaration (PX20-A) is deemed admitted and is incorporated by reference into the Stipulated Facts.  The Parties further stipulate that Matthew B. Greenblatt, Lisa M. Collura, and Bruce G. Dubinsky qualify as expert witnesses under Federal Rule of Evidence 702 and other applicable law.

## IX.    THE TRUSTEE'S NON-EXPERT WITNESS

During his direct case-in-chief, the Trustee anticipates calling the following witness:

1.    [Given the Stipulated Facts, the Trustee no longer intends to call Mr. Cohen.]

## X.   MR. COHEN'S NON-EXPERT WITNESSES

During his case-in-chief, Mr. Cohen anticipates calling the following witness:

1.   [Given the Stipulated Facts, Mr. Cohen no longer intends to call himself at trial.]

And anticipates offering an affidavit from the following witness:

2.   R. Paul Speece, who will testify as to Mr. Cohen's Tax Payments in connection with the Account.

## XI.   THE TRUSTEE'S EXPERT WITNESSES

Pursuant to the Parties' Stipulated Facts as set forth in Section III above, the Trustee submits declarations from the following expert witnesses and will also make these witnesses available for the Court's examination:

1.   Lisa M. Collura, who will testify on the subject of the analysis she performed regarding the Trustee's proof of transfers to Mr. Cohen as set forth in her expert report dated June 12, 2014;

2.   Bruce G. Dubinsky, who will testify regarding the Trustee's proof of the Ponzi scheme, BLMIS's insolvency, and other issues as set forth in his expert report dated August 20, 2013; and

3.   Matthew B. Greenblatt, who will testify regarding (a) the Trustee's methodology for his principal balance calculations for all BLMIS investment advisory accounts as set forth in his expert report dated November 15, 2012, and (b) the principal balance calculation as applied to the Account as set forth in his expert report dated June 12, 2014.

## XII.   MR. COHEN'S EXPERT WITNESSES

Mr. Cohen will not call any expert witnesses at trial.

## XIII.   OPENING STATEMENTS/CLOSING ARGUMENTS/POST-TRIAL BRIEFING

The Parties request the opportunity for brief opening statements as well as closing arguments, which would follow the Court's acceptance of the stipulations in this Second Revised Pretrial Order, the admission into evidence of the trial exhibits and declarations, and any other proceedings the Court deems necessary. As to any legal issues raised in connection with the

trial, the Parties request the opportunity to brief those issues after the conclusion of the trial.

## XIV.  RELIEF SOUGHT BY THE TRUSTEE

The Trustee seeks to avoid and recover from Mr. Cohen $1,143,461.00 in Avoidable

Transfers, or the value thereof, pursuant to, *inter alia*, §§ 548(a)(1)(A), 550(a) and 551 of the

Bankruptcy Code and various provisions of SIPA, including § 78fff-2(c)(3).  Based on the facts

and circumstances in this Adversary Proceeding, the Trustee withdraws his request for an award

of prejudgment interest with respect to the Avoidable Transfers.  The Trustee still seeks such

other and further relief as the Court deems just, proper, and equitable.

## XV.  RELIEF SOUGHT BY MR. COHEN

Mr. Cohen seeks dismissal of the Trustee's remaining avoidance claim.  Mr. Cohen also

seeks such other and further relief as the Court deems just, proper, and equitable.

## XVI.  ESTIMATED TIME OF TRIAL

This Court scheduled the trial of this matter to commence at 10:00 a.m. on October 14,

2015 and continue over the course of the next two days, October 15 and 16, if necessary.  Given

the stipulations as set forth in this Second Revised Pretrial Order, the Parties do not anticipate the

trial to take more than one day.


Dated: October 8, 2015
       New York, New York


**BAKER & HOSTETLER LLP**                **LEWIS & McKENNA**


By: /s/ *Nicholas J. Cremona*           By: /s/ *Paul Z. Lewis*
45 Rockefeller Plaza                    82 E. Allendale Road
New York, New York 10111                Saddle River, New Jersey 07458
Telephone:  212.589.4200                Telephone:  201.934.9800
Facsimile:  212.589.4201                Facsimile:  201.934.8681
David J. Sheehan                        Paul Z. Lewis
Email:  dsheehan@bakerlaw.com           Email:  plewis@lewismckenna.com

Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Keith R. Murphy
Email:  kmurphy@bakerlaw.com
Ona T. Wang
Email:  owang@bakerlaw.com
Torello H. Calvani
Email:  tcalvani@bakerlaw.com

and

1900 East Ninth Street
Cleveland, Ohio 44114
Telephone:  216.621.0200
Facsimile:  216.696.0740
James H. Rollinson
Email:  jrollinson@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard,
Trustee for the liquidation of Bernard L.
Madoff Investment Securities LLC and the
consolidated estate of Bernard L. Madoff*

Gregory S. Goett
Email:  ggoett@lewismckenna.com

*Attorneys for Defendant Andrew Cohen*

Dated: October 8th,2015

**IT IS SO ORDERED:**

/s/ STUART M. BERNSTEIN
STUART M. BERNSTEIN
**United States Bankruptcy Judge**

300371076.1

- 17 -