Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   SECURITIES INVESTOR

6   PROTECTION CORPORATION,

7                             Case No. 08-01789(SMB)

8              Debtor.

9   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10  IRVING H. PICARD, TRUSTEE

11  FOR THE LIQUIDATION OF

12  BERNARD L. MADOFF

13  INVESTMENT SECURITIES

14  LLC, AND BERNARD L.

15  MADOFF,

16              Plaintiffs,

17        v.                   Adv. Case No. 10-04311(SMB)

18  ANDREW H. COHEN,

19              Defendant.

20  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21

22              U.S. Bankruptcy Court

23              One Bowling Green

24              New York, New York

25

1                    October 14, 2015

2                    10:13 AM

3

4

5    B E F O R E :

6    HON STUART M. BERNSTEIN

7    U.S. BANKRUPTCY JUDGE

8

9

10    Hearing re:   TRIAL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:   Dawn South

1   A P P E A R A N C E S :

2   BAKER HOSTETLER

3        Attorney for the Trustee

4        PNC Center

5        1900 East 9th Street

6        Suite 3200

7        Cleveland, OH 44114-3482

8

9   BY:  JAMES H. ROLLINSON, ESQ.

10

11  BAKER HOSTETLER

12        Attorney for the Trustee

13        45 Rockefeller Plaza

14        New York, NY 10111

15

16  BY:  NICHOLAS J. CREMONA, ESQ.

17        ONA THERESA WANG, ESQ.

18        KEITH R. MURPHY, ESQ.

19

20  LEWIS & MCKENNA

21        Attorney for Andrew H. Cohen

22        521 Fifth Avenue, 33rd Floor

23        New York, NY 10175

24

25  BY:  GERGORY S. GOETT, ESQ.

Page 4

1    LOEB & LOEB

2         Attorney for Certain Proposed Intervenors

3         345 Park Avenue

4         New York, NY 10154-1895

5

6    BY:  DANIEL B. BESIKOF, ESQ.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 5

```
 1                    P R O C E E D I N G S

 2              THE COURT:  Madoff?

 3         (Pause)

 4              THE COURT:  Is the plaintiff ready?

 5              MR. CREMONA:  We are, Your Honor.

 6              MR. ROLLINSON:  Yes, Your Honor.

 7              THE COURT:  Is the defendant ready?

 8              MR. GOETT:  Yes, Your Honor.

 9              THE COURT:  Does the plaintiff wish to make an

10    opening statement?

11              MR. ROLLINSON:  Yes, Your Honor.

12              THE COURT:  Go ahead.

13              MR. ROLLINSON:  Good morning, Your Honor, James

14    Rollinson, here on behalf of Baker Hostetler and the Irving

15    H. Picard Trustee of the consolidated estate BLMIS and

16    Bernard L. Madoff.  With me here today, Your Honor, are my

17    partners, Nick Cremona, Mr. Murphy, and Ms. Ona Wang.

18              Your Honor, we're here today for the trial of the

19    adversary proceeding that the trustee has brought against

20    Andrew H. Cohen, a former trader at BLMIS.

21              In this case the trustee specifically seeks to

22    avoid pursuant to Section 548(a)(1)(a) of the Bankruptcy

23    Code and to recover pursuant to 558(a) of the Code certain

24    fraudulent transfers received by Mr. Cohen totaling

25    $1,143,461 that were received by Mr. Cohen in the two-year
```

1    period prior to the collapse of BLMIS.

2              Your Honor, when the parties were actually

3    initially before Your Honor on June 2nd of 2015, Mr. Lewis

4    advised the Court at that time that the sole remaining issue

5    before Your Honor was the issue of antecedent debt, which

6    prompted Your Honor to respond, and I'll quote, "Well why

7    don't you just enter into a stipulation of facts and try the

8    case on stipulated facts?"  Unfortunately at that time back

9    in June, Your Honor, there were a number of open factual

10   issues between the parties.  Now there are none, Your Honor.

11             Last week on Thursday the parties submitted to

12   Your Honor a proposed second revised joint pretrial order,

13   and in that particular order they stipulated to all facts

14   that the trustee's required to establish under 548(a)(1)(a)

15   to satisfy his avoidance claim under that particular

16   statute.

17             Specifically the parties have stipulated to

18   Mr. Cohen's receipt of 1,143,461 in transfers in excess of

19   the principal that he invested with BLMIS.

20             The parties specifically stipulated in that order

21   that each of the transfers constitute in the interest of

22   BLMIS and property within both the meaning of 101 -- Section

23   10154 of the Bankruptcy Code as well as 78fff(2)(c)(3) of

24   SIPA.

25             Additionally, Your Honor, in those stipulations is

1    Section 3 of the order, Your Honor, the parties stipulated

2    that each of those transfers was made by BLMIS with the

3    actual intent to hinder, delay, and defraud that existing

4    customers or future customers -- excuse me -- creditors.

5            And finally, Your Honor, for purposes of today's

6    proceedings, the parties further stipulated that during all

7    relevant periods relevant in this case that BLMIS was

8    operating a Ponzi scheme through its IA business.

9            And, Your Honor, so we're here before you on a

10   stipulated record of facts -- stipulated facts.  We reached

11   these particular stipulations based on the strength frankly

12   of the trustee's three expert witnesses.  Their analysis

13   that they conducted, their conclusions, their findings, and

14   opinions.  And those three experts are Mr. Greenblatt --

15   Matt Greenblatt of FTI, Lisa Kluer (ph) of FTI, and then

16   Bruce Debinsky (ph).

17           And I need not go into the details of each of

18   their opinion, but it was on the strength of those opinions

19   offered and conclusions reached by those experts that the

20   parties entered into the stipulations.  And again, there's

21   nothing left in terms of a factual dispute to make up the

22   both trustee's claim under 548(a)(1)(a) and also to recover

23   those transfers for value thereof pursuant to Section

24   558(a).

25           With that as for purposes of an opening statement

1   I'll leave it at that and I'll give the floor to Mr. Goett

2   to proceed with introduction of both the stipulations as

3   well as the stipulated exhibits.

4           THE COURT:  Okay.  Go ahead.

5           MR. GOETT:  Good morning, Your Honor, Gregory

6   Goett, Lewis & McKenna for defendant, Andrew H. Cohen.

7           Your Honor, Mr. Cohen is an innocent investor who

8   has been invested with Madoff since 1996.  He did so as an

9   employee who believed that his contributions to the Madoff

10  fund would provide him with a retirement account.  And in

11  furtherance of that he continually made investments from

12  1996 until 2000 making only one withdrawal during that time

13  period.

14          In 2001 based on the belief that he had over

15  $2 million in that account Mr. Cohen resigned from BLMIS,

16  moved down to Virginia Beach, and began what he thought was

17  a new life away from the securities industry.

18          And at that point, as the stipulated facts and

19  documents will show, began to withdraw from his account in

20  reliance on those statements that he was receiving from

21  BLMIS and began to treat it as a primary, if not co-primary

22  source of income for himself.

23          He did so because he had signed an agreement with

24  BLMIS, which again are stipulated in the evidence and facts,

25  Your Honor, that they would be investing these fund for him

Page 9

1    and provided him monthly statements showing that balance.

2            It was not until 2008 that he learned that there

3    was this Madoff Ponzi scheme, but at the time when these

4    withdrawals were made he had no knowledge and was looking at

5    account statements showing him two million plus dollars of

6    funds.  That has legal consequences and significance, Your

7    Honor.

8            Therefore in 2008 he learned not only did he not

9    have $2 million, he also was being asked to return over a

10   million dollars of the money that he again had no knowledge,

11   no -- it's actually stipulated to the fact that Mr. Cohen

12   had no knowledge, it's not in his complaint.

13           We don't dispute that the transfers took place,

14   Your Honor, and we do not dispute that there was a Ponzi

15   scheme being -- as set forth in the expert testimony.  What

16   we dispute is the legal treatment of those transfers, and --

17           THE COURT:  Well those are legal arguments, right?

18   And I understand that.  What I'm interesting in is whether

19   or not there are any factual disputes to be tried.

20           MR. GOETT:  Yes, Your Honor, we intend to submit

21   as proof of factual the damages incurred by Mr. Cohen as a

22   result of those -- of that fraud.

23           THE COURT:  Aside from the taxes?

24           MR. GOETT:  The taxes and legal fees, Your Honor.

25           We also intend to submit documents showing --

Page 10

1              THE COURT:  Legal fees for what?

2              MR. GOETT:  This trial, Your Honor.  Mr. Cohen has

3    been forced to defend these claims by the trustee as a

4    result of Mr. --

5              THE COURT:  What's the legal basis for those legal

6    fees -- for recovering those legal fees?

7              MR. GOETT:  It's a consequential damage of the

8    fraud perpetrated out-of-pocket loss incurred by Mr. Cohen

9    at this time.

10             THE COURT:  Okay.

11             MR. GOETT:  And, Your Honor, finally we would also

12   submit -- well the trustee has all right, you know, put them

13   into his exhibits at this time, Your Honor, that the account

14   statements, the account agreements will also support

15   Mr. Cohen's claims for his antecedent 548(c) setoffs at this

16   time.

17             THE COURT:  The trustee has conceded what?

18             MR. GOETT:  No, Your Honor, the trustee's exhibits

19   include both the account statements as well as the

20   securities contracts entered into between Mr. Cohen and

21   Mr. Madoff -- or Madoff, sorry, and we believe those will

22   also be factual support for our claims for 548(c) defenses

23   for Mr. Cohen at the time.

24             THE COURT:  Let me turn to the trustee's prima

25   facie case.  Are there any factual disputes relating to the

1  trustee's prima facie case or is this a case about defenses

2  at this point?

3          MR. GOETT:  At this time, Your Honor, it's a case

4  about defenses.

5          THE COURT:  All right.  So you don't dispute that

6  the trustee has established through the evidence his prima

7  facie case to recover what he --

8          MR. GOETT:  We stipulate to the facts, Your Honor,

9  in the expert reports, and that's set forth in those expert

10 reports to the extent they support his prima facie case.  We

11 have stipulated to his expert reports and we have stipulated

12 to the fact that the transfers that Mr. Cohen has been

13 alleged to have received and may -- took place as set forth

14 by the trustee, to the extent those reports support his

15 prima facie case, Your Honor.

16         THE COURT:  But didn't you stipulate that the

17 transfers were made in connection with a Ponzi scheme?

18         MR. GOETT:  Yes, we do believe --

19         THE COURT:  Didn't you stipulate that he withdrew

20 about $1.1 million --

21         MR. GOETT:  Yes, we'd stipulate -- we withdrew --

22 he withdrew that money, Your Honor.

23         THE COURT:  So what else is there left to the

24 trustee's case?

25         MR. GOETT:  Your Honor, that's for the trustee.

1    From where I sit (indiscernible) we think it's a question

2    about -- specifically about the legal effect of those

3    transfers.

4            THE COURT:  I understand that, but --

5            MR. GOETT:  And the obligations that were owed by

6    Madoff to Mr. Cohen.

7            THE COURT:  I'm not sure that the trustee would

8    have a burden of showing that there were no obligations.

9            MR. GOETT:  Your Honor --

10           THE COURT:  As part of his prima facie case.

11           MR. GOETT:  No, Your Honor, we would plead that

12   the obligations provided a defense under 548(c).

13           THE COURT:  But that's a defense, that's not --

14           MR. GOETT:  I mean, Your Honor --

15           THE COURT:  I'm just trying to find out if the

16   trustee can sit down and you can stand up.

17           MR. GOETT:  Yes, Your Honor, I believe at this

18   point in time we believe that would be part of the --

19           THE COURT:  All right.  And the factual issues

20   relating to the defenses besides the legal fees and the

21   additional taxes, are there any other factual issues?

22           MR. GOETT:  Your Honor, we're also taking (sic)

23   the Court to take judicial notice of the CPI index, as

24   adjustments for time value for Mr. Cohen's withdrawals -- I

25   mean sorry -- deposits and withdrawals to account for the

1    time value of the money.

2              We're also submitted the -- ask that the Court

3    take judicial notice of the risk-free tea bill rate on

4    treasury bonds on a three-month basis, again, as another

5    adjustment due to lost opportunity cost for investment.

6              THE COURT:  All right.

7              MR. GOETT:  And also finally, Your Honor, whether

8    or not the Court needs to take judicial notice of CPLR 5001

9    (indiscernible) interest.

10             THE COURT:  But you have to recover judgment for

11   that.

12             MR. GOETT:  Your Honor, I understand.

13             THE COURT:  First of all I can't enter a judgment,

14   but putting that to its side --

15             MR. GOETT:  We'd argue it's relevant.

16             THE COURT:  -- you're not seeking a judgment.

17             MR. GOETT:  I'm sorry, Your Honor?

18             The COURT:  You're not seeking a judgment, you

19   withdrew your counterclaim.

20             MR. GOETT:  No, Your Honor, we are seeking to

21   establish it is -- it will act as an offset or as a --

22   sorry, Your Honor -- as for value to adjust the value of his

23   claims.

24             THE COURT:  I think the issue though is whether

25   you're entitled to interest on the 5001 in the absence of a

1    judgment, right?

2              MR. GOETT:  I'm sorry, Your Honor?

3              THE COURT:  Are you entitled to interest under the

4    CPLR under Article 50 if you never recover a judgment?

5              MR. GOETT:  Your Honor, we don't --

6              THE COURT:  I know there's case law on that

7    recently.

8              MR. GOETT:  Your Honor, we believe the HBE Leasing

9    case has been actually overturned on -- by Judge -- I

10   apologize, Your Honor, we'll be brief -- to the Eastern

11   District -- the HBE Leasing case and talk about inchoate

12   rights, Your Honor, in 5001.

13             To my recollection, Your Honor, that case has been

14   appropriately distinguished, it was on that facts involving

15   a prenuptial agreement that was clearly fictitious, Your

16   Honor.

17             THE COURT:  All right.  Well that's a legal

18   argument.

19             All right.  So is there anything to be tried?  You

20   put in -- let me ask the trustee of course on whether the

21   trustee wants to present on any evidence.

22             MR. ROLLINSON:  We do, Your Honor, in terms of the

23   stipulations that the parties have reached.

24             So as an initial matter, although this might not

25   be necessary, but there's stipulations set for the in

1    Section 3 of the second revised joint pretrial order, we'd

2    ask that those be considered part of the record for purposes

3    of this trial.

4              THE COURT:  Well of course they're part of the

5    record, it's the joint pretrial record.

6              MR. ROLLINSON:  Okay.

7              THE COURT:  That's the whole purpose of it to

8    expedite the trial.

9              MR. ROLLINSON:  Okay.  I appreciate it.  I

10   apologize, Your Honor.

11             Furthermore we seek to introduce the stipulated --

12   trustee's stipulated trial exhibits at this time.

13             THE COURT:  Any objection, Mr. Goett?

14             MR. GOETT:  No.

15             THE COURT:  They're received.

16        (Trustee's Trial Exhibits were admitted)

17             MR. ROLLINSON:  Okay.  So should I make a record

18   of that or simply just those exhibits that are identified in

19   the joint pretrial order --

20             THE COURT:  Does that include the declarations?

21             MR. ROLLINSON:  It does, Your Honor.

22             THE COURT:  Is there any objection to the receipt

23   of the declarations as direct testimony?

24             MR. GOETT:  No, Your Honor.

25             THE COURT:  Do you wish to cross-examine any of

1   the declarants?

2          MR. GOETT:  No we do not, Your Honor.

3          THE COURT:  Okay.  I'll receive the declarations

4   as their testimony.

5      (Trustee's Declarations were admitted)

6          MR. ROLLINSON:  Okay.  Your Honor, as far as the

7   exhibits are you going to consider the exhibits that we

8   provided to Your Honor to be the exhibits that are now moved

9   into --

10          THE COURT:  They're received in evidence, they're

11   part of the trial.

12          MR. ROLLINSON:  Okay.

13          Your Honor, just one bit of housekeeping on that.

14   The declarations didn't bear the particular exhibit stamp

15   that the Court generally prefers on exhibits, so I do have

16   substitute forms so that in the event that you have to

17   review those they are properly (indiscernible).  May I

18   approach?

19          THE COURT:  Yes.

20          MR. ROLLINSON:  Your Honor, there's one a little

21   bit of housekeeping.  I'm not sure if I need to cover it or

22   not, but we have three experts, we have declarations from

23   experts.  The parties have stipulated to their

24   qualifications as experts.  And normally if you're before a

25   jury that is the function and sole function of the Court as

1   the gatekeeper to make that determination, and out of an

2   abundance of caution we ask that the Court deem each of

3   these experts qualified in their particular field of

4   expertise.

5           THE COURT:  Seems it's stipulated to, but is there

6   any objection to that?

7           MR. GOETT:  No, Your Honor, no, obviously not.

8           THE COURT:  All right.  I've reviewed the

9   declarations, I'm satisfied that they're -- they had the

10  expertise to give the testimony they've given.

11          MR. ROLLINSON:  I appreciate it.  Thank you, Your

12  Honor.

13          I have nothing further to present to Your Honor.

14          THE COURT:  Okay.

15          MR. GOETT:  Your Honor, in terms of the -- just as

16  a housekeeping matter Your Honor indicated that's a legal

17  he's going reserve that I believe for post-trial briefing.

18  I just wanted to take the opportunity to perhaps discuss

19  those legal issues we intend to bring, Your Honor.

20          THE COURT:  Why don't you make the record.  For

21  example, you have tax return -- well testimony from

22  Mr. Spence I think it is.

23          MR. GOETT:  Yes, Mr. Speece (ph), Your Honor.

24          THE COURT:  Regarding -- Speece -- regarding the

25  amount of taxes that the defendant paid on account of the

1    (indiscernible) profits.

2              MR. GOETT:  Yes, Your Honor.

3              THE COURT:  Is there any objection to the receipt

4    of that declaration?  I recognize you say it's irrelevant.

5              MR. ROLLINSON:  Correct.  Subject to that

6    objection we -- that's our only objection.

7              THE COURT:  I think it probably is irrelevant, but

8    so you can make your record --

9              MR. GOETT:  Yes, Your Honor, proffer.

10             THE COURT:  -- I'll receive the declaration and

11   the accompanying exhibits to the declaration for that

12   purpose.

13        (Defendant's Exhibit No. 7 was admitted)

14             MR. GOETT:  Your Honor, along those that would be

15   Defendant's 7 would be Mr. Speece's affidavit in and

16   supporting exhibits, as well as Defendant's 1 through 5,

17   Your Honor, at this time, which would be the tax returns

18   from 2003 to 2007.

19             MR. ROLLINSON:  And, Your Honor, we have no

20   objection other than to relevancy.

21             THE COURT:  Subject to the objection of relevance,

22   although I probably agree, so we'll have a record of that --

23             MR. GOETT:  Yes, Your Honor.

24             THE COURT:  -- I'll receive them for that purpose

25   in essence as an offer of proof.

1          (Defendant's Exhibit Nos. 1 through 5 were admitted)

2               MR. GOETT:  Your Honor in that same vein we offer

3      up Defendant's 6 -- I'm sorry, Your Honor -- Defendant 7

4      which is a list of the legal fees incurred and paid by

5      Mr. Cohen in connection with this matter.  Same subject to

6      the trustee --

7               THE COURT:  I don't understand how you can recover

8      legal fees.  Normally each party must bear its own legal

9      fees, and that's --

10               MR. GOETT:  Your Honor --

11               THE COURT:  -- true of every court case.

12               MR. GOETT:  No, Your Honor, this is a case

13      involving a -- the wrongful act doctrine, I believe it's

14      been called to Your Honor where I am sued by a party as a

15      result of the fraud committed by the individual and I incur

16      legal fees as a result that we are entitled to those as

17      consequential damages as a result of the fraud.

18               THE COURT:  Well, I guess that's a legal issue.

19               MR. GOETT:  Yes, Your Honor.

20               THE COURT:  All right.

21               MR. GOETT:  Just for housekeeping, Your Honor.

22               THE COURT:  So where's the evidence?

23               MR. GOETT:  That would be, Your Honor,

24      Defendant 7.

25               MR. ROLLINSON:  Your Honor, the trustee has no

1    objection to that particular exhibit but for again an

2    objection on the basis of relevancy.

3            THE COURT:  Well these are the tax returns.

4    Exhibit 7?

5            MR. GOETT:  Sorry, Your Honor, 1 through 5 are the

6    tax returns, Your Honor.

7            THE COURT:  Where's the legal -- where is the

8    evidence of legal fees?

9            MR. GOETT:  Sorry, Your Honor?

10           THE COURT:  Where's is evidence of legal fees?

11           MR. GOETT:  That would be, Your Honor,

12   Defendant's 6.

13           THE COURT:  Okay.  I see it.

14           MR. GOETT:  Okay, Your Honor.

15           THE COURT:  All right.  Subject to the same

16   objection, relevancy, I'll receive it so the record is

17   complete.

18       (Defendant's Exhibit No. 6 was admitted)

19           MR. GOETT:  Your Honor, similarly we would offer

20   Defendant's 8 and 9 at this time.  Eight being a -- take

21   judicial notice of the consumer price index as issued by the

22   Bureau of Labor, statistics by the Department of Labor.

23           THE COURT:  Any objection?

24           MR. ROLLINSON:  The same objection, Your Honor, we

25   -- the only basis on which we object is relevancy.

1          THE COURT:  All right.  Subject to that objection

2     I'll receive it so the record is complete.

3          (Defendant's Exhibit No. 8 was admitted)

4          MR. GOETT:  And finally, Your Honor, the

5     Defendant's 9 which is the history of the three-month risk-

6     free treasury bill rate issued by the Federal Reserve, Your

7     Honor, offered as 9 as well.

8          MR. ROLLINSON:  Your Honor, same objection.

9          THE COURT:  All right.  Subject to that objection

10    I'll receive it.

11         (Defendant's Exhibit No. 9 was admitted)

12         MR. GOETT:  Your Honor, we would just take an

13    opportunity to make for the record as to why this evidence

14    is relevant at this point.

15         THE COURT:  Let me just ask a question though.

16    Mr. Cohen was part of the proceedings involving the

17    withdrawal of a reference that resulted in what we've been

18    calling the antecedent debt decision, is that 499(b)(a)?

19         MR. GOETT:  Yes, Your Honor.

20         THE COURT:  So aren't all of these antecedent debt

21    issues in his case the law of the case?

22         MR. GOETT:  Your Honor, we believe that there are

23    subsequent decisions by the Second Circuit and the 546(e)

24    decision and other -- that would question the findings of

25    Judge Rakoff's decision in the original antecedent debt

1    order.

2              THE COURT:  But based on letters that Mr. Levy

3    wrote to me after those decisions, which I --

4              MR. GOETT:  I have not seen --

5              THE COURT:  -- commented on in the omnibus

6    decisions?

7              MR. GOETT:  To be honest, Your Honor, I've not

8    seen -- I don't know the full scope of Mr. Levy's letters at

9    this time.

10             THE COURT:  I'm sorry.

11             All right.  You can always make an argument based

12   on intervening law I guess.  So that -- do the parties rest?

13             MR. GOETT:  One more bit of housekeeping, Your

14   Honor, I apologize.

15             With respect to -- we have submitted our --

16             THE COURT:  Quickest trial I've ever seen.

17             MR. GOETT:  Sorry, Your Honor.

18             We have stipulated the right to align the

19   plaintiff's exhibits as well.  I wanted to make for the

20   record the point that I believe it's Plaintiff's 1 and all

21   the account history statements, the account statements

22   provided, we intend to rely on those to show that Madoff

23   owed Mr. Cohen obligations under state and federal laws that

24   have not been avoided and constitute 548(c) antecedent debt,

25   Your Honor.

1              THE COURT:  Okay.

2              MR. GOETT:  Other than that, Your Honor, we just

3      have a question as to what the schedule would be for the

4      post-trial briefings at this time.

5              THE COURT:  Well, I will be making a report and

6      recommendation in this case since the defendants have not

7      consented to the entry of a final judgment here.  But let me

8      hear what Mr. Rollinson -- is there something you want to

9      comment on on the record?

10             MR. ROLLINSON:  Yeah, just briefly, Your Honor,

11     and you did touch upon it in terms of Judge Rakoff's

12     antecedent debt decision.  And as you pointed out in your

13     decision on the omnibus motion to dismiss that was -- we

14     returned to this court for further proceedings consistent

15     with this opinion and order.

16             So, I don't think this is the appropriate forum in

17     which to question Judge Rakoff's decision there even if

18     there is intervening law.

19             THE COURT:  Well you said it was a bankruptcy

20     judge.

21             MR. ROLLINSON:  Well the district court had

22     removed and withdrawn the reference on that specific issue

23     and so therefore it believes it's its province to make those

24     determinations.

25             THE COURT:  But let's say the Second Circuit came

1     out with a contrary decision which undercut it -- clearly

2     undercut it, I couldn't consider that?

3                    MR. ROLLINSON:  Perhaps in that instance you

4     could, Your Honor, but --

5                    THE COURT:  All right.

6                    MR. ROLLINSON:  The only other point I just want

7     to make, Your Honor, in terms of some of the additional

8     contentions that Mr. Cohen makes, he makes seven different

9     separate contentions.  I believe most of those -- I think

10    all of those were actually addressed by Your Honor in the

11    omnibus --

12                   THE COURT:  I know but he wasn't a party to those

13    proceedings.

14                   MR. ROLLINSON:  That's correct.  That's correct.

15                   The only point I did want to make as I relates to

16    that, it's contention number 4 just for purposes of the

17    record while we're here, and that's a challenge to standing

18    -- the trustee's standing under Section 78fff(2)(c)(3).

19                   As you know it's the trustee's position that the

20    appropriate time to measure the sufficiency or insufficiency

21    of customer property to satisfy customer claims in full is

22    the filing date of bankruptcy, and certainly if you look and

23    what's before the Court now in the record both in terms of

24    Mr. Debinsky's analysis as well as -- that numerous -- both

25    motions, hearings, and decisions made by Your Honor and your

1    predecessor in the underlying proceedings even as we stand

2    here today they're insufficient customer funds to satisfy

3    all customer claims.

4           We don't think you need to look forward in time,

5    we think it's the filing date, I think that's the -- we

6    think it's the appropriate time at which to inquire into

7    that issue, but we just want to make clear that the record

8    establishes irrespective when we look at it they're

9    insufficient --

10          THE COURT:  Is there evidence of that

11   insufficiency?

12          MR. ROLLINSON:  There is evidence both in terms of

13   Mr. Debinsky's report, he does an insolvency analysis as of

14   the date of filing so it's in there in terms of that initial

15   date, and then of course, Your Honor, everything that's

16   happened, which we can't ignore in the underlying --

17          THE COURT:  I'm not sure I can take judicial

18   notice at a trial of everything that's happened, that's why

19   I asked is there evidence of the insufficiency, because

20   you're the party with the burden of showing you have

21   standing.

22          MR. ROLLINSON:  That's correct, Your Honor.  I

23   believe you can take it in the underlying -- this adversary

24   proceeding as part of the underlying liquidation proceedings

25   and so you can look to that docket and the events in that.

1          THE COURT:  Thank you.

2          MR. ROLLINSON:  Thank you.

3          THE COURT:  Anything else?

4          MR. GOETT:  No, Your Honor.

5          THE COURT:  Why don't you submit proposed findings

6    of fact and conclusions of law two weeks from today.

7    Mr. Rollinson, I'll give you two weeks to respond, that

8    would be --

9          MR. GOETT:  Your Honor, if I may, respectfully we

10   would ask the Court if we have a little more time for that

11   based on our --

12         THE COURT:  Why?

13         MR. GOETT:  Your Honor, we're a small --

14         THE COURT:  All of these issues have been

15   litigated.

16         MR. GOETT:  I know, Your Honor, but we would

17   appreciate the time, we are a small firm, I don't have six

18   lawyers on my side, Your Honor, to --

19         THE COURT:  How much time do you need?

20         MR. GOETT:  Your Honor, we would ask for four

21   weeks if that's at all possible.

22         THE COURT:  Is there any objection to that?

23         MR. ROLLINSON:  None, Your Honor.  And just to

24   clarify, does that include briefing as well or just proposed

25   findings of facts.

1           THE COURT:  That's everything.

2           MR. ROLLINSON:  Everything?

3           THE COURT:  So it's proposed findings of fact and

4    proposed conclusions of law.

5           MR. ROLLINSON:  Okay.

6           THE COURT:  You can do the proposed conclusions in

7    a memorandum form, it doesn't have to be in the -- honestly

8    I don't know why it's going take you so long.  All of the

9    proposed findings of facts are going to come right out of

10   the stipulated facts.

11          MR. GOETT:  Your Honor, I think the issue is we

12   make sure we all (indiscernible) our arguments to the extent

13   --

14          THE COURT:  Okay.  All right.  Four weeks from

15   today, and I'll give you -- you want four weeks also I

16   suppose?  Sure, why not, right?

17          MR. ROLLINSON:  Yes.

18          THE COURT:  What's four weeks from today?

19   Actually you go first.

20          MR. ROLLINSON:  So I'm glad you've decided four

21   weeks is appropriate.

22       (Laughter)

23          THE COURT:  Well he jumped up.

24          Four weeks from today is November 11th, which is a

25   holiday, so November 12.  And four weeks after that is

Page 28

1    December 9.  And I'm going to give you an opportunity to

2    reply to his legal arguments (indiscernible), and let's just

3    make it December 31.

4              MR. ROLLINSON:  That's acceptable, Your Honor.

5              THE COURT:  All right?  Thank you.

6              MR. ROLLINSON:  Thank you, Your Honor.

7              THE COURT:  And the matter will be deemed

8    submitted at that point.

9              MR. GOETT:  Yes, Your Honor.  Thank you.

10         (Whereupon these proceedings were concluded at 10:38

11   AM)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 29

1                          I N D E X

2

3                        E X H I B I T S

4    PARTY      NO   DESCRIPTION                      EVID.

5    Plaintiff        Stipulated Trial Exhibits        15

6                     Declarations                     16

7

8    Defendant 1-5   Tax Returns                       19

9              6     Legal Fees                        20

10             7     Mr. Speece's Declaration          18

11             8     CPI                               21

12             9     3-Month Risk-Free Treasury

13                   Bill Rate                         21

14

15

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T I O N

2

3   I, Dawn South, certify that the foregoing transcript is a

4   true and accurate record of the proceedings.

5   Dawn South    Digitally signed by Dawn South
                  DN: cn=Dawn South, o, ou,
                  email=digital1@veritext.com, c=US
6   _____    Date: 2015.10.15 14:32:55 -04'00'

7   Dawn South

8   AAERT Certified Electronic Transcriber CET**D-408

9

10

11

12   Date:  October 15, 2015

13

14

15

16

17

18

19

20

21

22    Veritext Legal Solutions

23    330 Old Country Road

24    Suite 300

25    Mineola, NY 11501