# EXHIBIT C

| Prior Arguments on Purported Value Defenses Raised By Movants Listed On Schedule 1 Of Motion to Intervene | | | |
|---|---|---|---|
| **PRIOR PROCEEDING** | **ARGUMENTS RAISED BY INTERVENORS** | **HOLDINGS ON ARGUMENTS RAISED BY INTERVENORS** | **PARTICIPATING INTERVENORS (Movants Listed On Schedule 1 Of Motion To Intervene)** |
| **First Motions To Dismiss:**<br><br>*Picard v. Greiff*, 476 B.R. 715 (S.D.N.Y. 2011)<br><br>Includes Motions to Dismiss as Filed in:<br>• *Picard v. Gerald Blumenthal*, No. 11 Civ. 4293 (JSR);<br>• *Picard v. Harold Hein*, No. 11 Civ. 4936 (JSR);<br>• *Picard v. Kara Fishman Goldman*, No. 11 Civ. 4959 (JSR) | • Payments on antecedent debt not avoidable and constitute "value"<br><br>• Since antecedent debt constitutes "value," customers are entitled to retain transfers in excess of their initial investments under section 548(c) to the extent that those transfers compensate them for state (UCC, recission, benefit-of-the-bargain) and federal securities claims that they hold against BLMIS.<br><br>• SIPA cannot retroactively invalidate brokerage account statements for purposes of avoidance of transfers so as to eliminate or override the antecedent debts owned to customers.<br><br>• The Second Circuit's Net Equity Decision does not bar customers from invoking their antecedent debts in response to the avoidance claims<br><br>• Payments to creditors versus equity investors by a Ponzi scheme is not a fraudulent transfer that can be avoided by | • The Court rejected the argument that BLMIS's payments of fictitious profits to its customers discharged the debtor's obligation to pay the amounts reflected on the defendants' most recent customer statements, making the entirety of BLMIS's transfers to its customers repayment of an antecedent debt and therefore "for value." (476 B.R. at 724-25)<br><br>• "The transfers from Madoff Securities to defendants that exceeded the return of defendants' principal, i.e., that constituted profits, were not 'for value.'" (476 B.R. at 725)<br><br>• "Every circuit court to address this issue has concluded that an investor's profits from a Ponzi scheme, whether paper profits or actual transfers, are not 'for value.'" (476 B.R. at 725)<br><br>• "To allow defendants, who have no net equity claims, to retain profits paid out of customer property on the ground that their withdrawals satisfied creditor claims under | **44 Intervenors**<br><br>**DENTONS:**<br>1. Alvin Gindel Rev Trust (10-04925)[1]<br>2. BAM L.P. (10-04390)[1]<br>3. Barbara Berson (10-04415)[1]<br>4. Estate of Shurman (10-05028)[1]<br>5. Eugene Ribakoff (10-05085)[1]<br>6. Laura Giggenheimer (10-04882)[1]<br>7. Sidney Cole (10-04672)[1]<br>8. Federica Ripley (10-05424)[1]<br>9. James Greiff (10-04357)<br>10. Harold Hein (10-04861)<br>11. Toby Hobish (10-05236)[1]<br>12. Ida Fishman Rev Trust (10-04777)[1]<br>13. Joel Gordon Rev Trust (10-04615)[1]<br>14. Lapin Children LLC (10-05209)[1]<br>15. David Markin (10-05224)[1]<br>16. Stanley Miller (10-04921)[1]<br>17. Murray Family Trust (10-04510)[1]<br>18. Neil Reger Profit (10-05384)[1]<br>19. Rose Gindel Trust (10-04401)[1]<br>20. S&L Partnership (10-04702)[1]<br>21. Barry Weisfeld (10-04332)[1]<br><br>**MILBERG LLP** |

---

[1] Joinder to Motion to Withdraw/Motion to Dismiss as filed in *Picard v. Harold Hein*, Adv. Pro. No. 10-04861 (SMB) (Bankr. S.D.N.Y.)

| **Prior Arguments on Purported Value Defenses Raised By Movants Listed On Schedule 1 Of Motion to Intervene** | | | |
|---|---|---|---|
| | the Trustee. | state law would conflict with the priority system established under SIPA by equating net equity and general creditor claims. Because defendants' withdrawals allegedly depleted the resources available for satisfying priority claims without satisfying such claims, the Court finds that they did not take 'for value.'" (476 B.R. at 727)<br><br>• "[D]efendants' distinction between equity investors and creditors, in the immediate context…is a distinction without a difference…Here the defendants faced the same risks as equity investors…Such a distinction pays only lip service to the underlying realities of the Ponzi scheme, and the Court rejects it." (476 B.R. at 726) | 22. Gary Albert (10-04966)[2]<br>23. Aspen Fine Arts (10-04335)[2]<br>24. Gerald Blumenthal (10-04582)<br>25. Norton Eisenberg (10-04576)[2]<br>26. Elbert Brown Trust (10-05398)[2]<br>27. Estate of Rosenberg (10-04978)[2]<br>28. P. Charles Gabriele (10-04724)[2]<br>29. Stephen Goldenberg (10-04946)[2]<br>30. Ruth Goldstein (10-04725)[2]<br>31. Joseph Popkin (10-04712)[2]<br>32. Potamkin Family (10-05069)[2]<br>33. Mitchell Ross (10-04723)[2]<br>34. Richard Roth (10-05136)[2]<br>35. Jonathan Sobin (10-04540)[2]<br>36. Harold Thau (10-04951)[2]<br>37. Woessner Family (10-04741)[2]<br><br>**PRYOR CASHMAN LLP**<br>38. Patrice M. Auld (10-04343)[3]<br>39. Bernard Marden (10-05168)[3]<br>40. Abraham Goldberg (10-05439)[3]<br>41. Charlotte Marden (10-05118)[3]<br>42. James Marden (10-04341)[3]<br>43. Marden Family (10-04348)<br>44. Murray Pergament (10-05194) |
| | | | |
| **Antecedent Debt Decision**<br><br>*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* | • Brokerage account statements create enforceable obligations that constitute antecedent debts that are not avoidable by the Trustee<br><br>• Since antecedent debt constitutes | • The Court concluded that claims against the general BLMIS estate "do not constitute 'value' within the meaning of section 548(c) to the extent that they would be used to withhold fraudulent transfers owing to the customer property estate under SIPA." (499 | **11 Intervenors**<br><br>**DENTONS:**<br>1. America-Israel Cultural (10-05058)<br><br>**MILBERG LLP** |

[2] Joinder to Motion to Withdraw/Motion to Dismiss as Filed in *Picard v. Gerald Blumenthal*, Adv. Pro. No. 10-04582 (SMB) (Bankr. S.D.N.Y.)

[3] Joinder to Motion to Withdraw/Motion to Dismiss as Filed in *Picard v. Kara Fishman Goldman*, Adv. Pro. No. 10-04735 (SMB) (Bankr. S.D.N.Y.)

| **Prior Arguments on Purported Value Defenses Raised By Movants Listed On Schedule 1 Of Motion to Intervene** | | | |
| --- | --- | --- | --- |
| *(In re Madoff Sec.),* 499 B.R. 416 (S.D.N.Y. 2013) | "value," customers are entitled to retain transfers in excess of their initial investments under section 548(c) to the extent that those transfers compensate them for state and federal claims that they hold against BLMIS (including interest, out of pocket expenses and lost opportunity costs).<br><br>• The Trustee is seeking greater power than provided under the Bankruptcy Code to avoid transfers that were taken for value.<br><br>• Inter-account transfers occurring between customers before the reach back period should be considered as principal and therefore constitute "value" for purposes of section 548(c). | B.R. at 430)<br><br>• "To effectuate SIPA's mandate, a customer may only seek the protections of section 548(c) to the extent of investments of principal, and federal and state law claims cannot be used to increase the amount to which a customer is entitled from the customer property estate." (499 B.R. at 425-26)<br><br>• The Court also determined that the Net Investment Method is the "appropriate way to calculate not only net equity but also a defendant's fraudulent-transfer liability." (499 B.R. at 430)<br><br>• The "pre-reach-back-period inter-account transfers of amounts exceeding principal in the account of the sender continue to be fictitious profits, not principal, in the account of the recipient, and therefore do not constitute antecedent debt for the recipient of the funds." (499 B.R. at 430)<br><br>• "Even where courts have recognized claims against the bankruptcy estate to the extent of principal invested, they have nonetheless rejected claims for interest in excess of principal, which defendants to this proceeding seek to claim. This is because it is a generally recognized principle that, where defendants seek rescission and have received full repayment on the principal | 2. Gary Albert (10-04966)<br>3. Joseph Popkin Rev Trust (10-04712)<br><br>**PRYOR CASHMAN LLP**<br>4. Stanley Plesent (10-04375)<br><br>**LOEB & LOEB LLP**<br>5. Kenneth Evenstad Trust (10-04342)<br>6. Kenneth Evenstad Trust (10-04933)<br>7. Mark Evenstad Trust (10-04512)<br>8. MBE Preferred (10-04952)<br>9. Serene Warren Trust (10-04514)<br>10. SEW Preferred Ltd (10-04954)<br><br>**BAKER & MCKENZIE LLP**[4]<br>11. Lowery (10-04387) |

---

[4] Movants formerly represented By K&L Gates LLP.

| Prior Arguments on Purported Value Defenses Raised By Movants Listed On Schedule 1 Of Motion to Intervene | | | |
|---|---|---|---|
| | | invested, they have no freestanding interest claim." (499 B.R. at 422) | |
| | | • Defendants' cited cases were not SIPA proceedings: "Indeed, in a SIPA bankruptcy even the claim for return of principal is based, not on a claim for restitution (let alone fraud and breach of fiduciary duty), but on a claim that depends on the notion of net equity." (499 B.R. at 423) | |
| | | • "To the extent that defendants' state and federal law claims allow them to withhold funds beyond their net-equity share of customer property, those defendants are, in effect, making those damages claims against the customer property estate. Because their damages claims are not net-equity claims (or any other payments that are permitted to be made in SIPA's priority scheme), allowing such claims to be drawn out of the customer property estate would violate SIPA. It is for this reason that only a defendant's investment of principal may count as 'value' with respect to the customer property estate for purposes of section 548(c)." (499 B.R. at 424) | |
| | | • As for inter-account transfers, "the true substance of transfers of fictitious profits from one account to another remains the same: the funds at issue are still other people's money, and shifting them among accounts, whether those accounts are owned by the same person or entity...does not morph those funds into actual new principal. . . To the extent that no actual principal was transferred, the inter-account transfer could provide no value to Madoff Securities." | |

| Prior Arguments on Purported Value Defenses Raised By Movants Listed On Schedule 1 Of Motion to Intervene | | | |
|---|---|---|---|
| | | (499 B.R. at 428-29) | |
| | | | |
| **Antecedent Debt Interlocutory Denial**<br><br>*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* 987 F. Supp. 2d 309 (S.D.N.Y. 2013)* | • Certification would materially advance the termination of the litigation.<br><br>• Due to the consolidated nature of the proceedings, an appellate ruling would have precedential value for many cases, thereby materially advancing the litigation.<br><br>• There are controlling questions of law whereby reversal of the District Court's opinion could result in dismissal of the actions or significantly affect the conduct of the actions.<br><br>• There are substantial grounds for differences of opinion as to the issues addressed by the District Court. | • "This Court is not of the opinion that there is a substantial ground for difference of opinion as to the holding of the Opinion and Order, substantially for the reasons stated in the Trustee's memorandum of law in opposition to the motion. Neither is this Court of the opinion that an interlocutory appeal would materially advance the litigation's termination. On the contrary, certification in this instance is likely to result in the kind of piecemeal, interminable litigation that is the bane of those jurisdictions that foolishly lack a final judgment rule. Accordingly, the motion is denied." (987 F. Supp. at 311) | **9 Intervenors**<br><br>**DENTONS:**<br>1. America-Israel Cultural (10-05058)<br><br>**PRYOR CASHMAN LLP**<br>12. Stanley Plesent (10-04375)<br><br>**LOEB & LOEB LLP**<br>13. Kenneth Evenstad Trust (10-04342)<br>14. Kenneth Evenstad Trust (10-04933)<br>15. Mark Evenstad Trust (10-04512)<br>16. MBE Preferred (10-04952)<br>17. Serene Warren Trust (10-04514)<br>18. SEW Preferred Ltd (10-04954)<br><br>**BAKER & MCKENZIE LLP**<br>19. Lowery (10-04387) |
| | | | |
| **Omnibus Good Faith Motions to Dismiss Decision**<br><br>*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* 531 B.R. 439 (Bankr. S.D.N.Y. 2015) | • Brokerage account statements create enforceable obligations that constitute antecedent debts are not avoidable<br><br>• The fictitious profits customers received from BLMIS satisfied their claims against BLMIS including those arising from violations of federal securities law and state law (e.g. fraud, breach of contract, breach of fiduciary duty, rescission). Consequently, they provided "value" to BLMIS in exchange for the fictitious profits. | • "The District Court has already rejected this argument twice…Judge Rakoff's conclusions are consistent with the well-settled rule in Ponzi scheme cases that net winners must disgorge their winnings." (531 B.R. at 462)<br><br>• "Judge Rakoff's extensive consideration of the antecedent debt/value issue would normally foreclose further argument in this Court. Those moving defendants that participated in the withdrawal of the reference of the antecedent debt/value issue have had their day in court and Judge Rakoff's decisions are law of the case. Furthermore, Judge Rakoff returned the proceedings to this Court 'for further proceedings consistent with | **32 Intervenors**<br><br>**DENTONS:**<br>1. Alvin Gindel Rev Trust (10-04925)<br>2. America-Israel Cultural (10-05058)<br>3. Barbara Berson (10-04415)<br>4. Eugene Ribakoff (10-05085)<br>5. Sidney Cole (10-04672)<br>6. Federica Ripley (10-05424)<br>7. James Greiff (10-04357)<br>8. Harold Hein (10-04861)<br>9. Lapin Children LLC (10-05209)<br>10. David Markin (10-05224)<br>11. Stanley Miller (10-04921)<br>12. Neil Reger Profit (10-05384)<br>13. Rose Gindel Trust (10-04401) |

| | | |
|---|---|---|
| **Prior Arguments on Purported Value Defenses Raised By Movants Listed On Schedule 1 Of Motion to Intervene** | | |

| | | |
|---|---|---|
| | this Opinion and Order.' This sounds like a mandate. Those moving defendants who did not move to withdraw the reference on the antecedent debt/value issue are not similarly bound, but the persuasive force of Judge Rakoff's decisions lead me to the same conclusions." (531 B.R. at 466)<br><br>• Defendants "point to certain case law that post-dated the briefing before the District Court on the antecedent debt/value issue or the decisions themselves which, the defendants contend, require a different conclusion." The decisions "support the general proposition that SIPA § 78fff–2(c)(3) is limited to granting a SIPA trustee the additional power to recover the transfers of customer property…it does not follow, however, that the defendants paid value in exchange for the fictitious profits they received. First, the decisions did not address the question of value, and a non-SIPA bankruptcy trustee can recover fictitious profits because transferees in a Ponzi scheme do not give 'value' within the meaning of the Bankruptcy Code beyond what they pay into the scheme. Fictitious profits are not profits at all but distributions of other people's money…" (531 B.R. at 466, 469-70)<br><br>• "The Court concludes that the payment of fictitious profits did not satisfy an antecedent debt or provide value within the meaning of Bankruptcy Code § 548(c) and (d)(2)(A)." (531 B.R. at 470) | 14. Barry Weisfeld (10-04332)<br><br>**MILBERG LLP**<br>20. Gary Albert (10-04966)<br>21. Aspen Fine Arts (10-04335)<br>22. Gerald Blumenthal (10-04582)<br>23. Norton Eisenberg (10-04576)<br>24. Estate of Rosenberg (10-04978)<br>25. P. Charles Gabriele (10-04724)<br>26. Stephen Goldenberg (10-04946)<br>27. Ruth Goldstein (10-04725)<br>28. Joseph Popkin (10-04712)<br>29. Potamkin Family (10-05069)<br>30. Richard Roth (10-05136)<br>31. Jonathan Sobin (10-04540)<br>32. Harold Thau (10-04951)<br>33. Woessner Family (10-04741)<br><br>**PRYOR CASHMAN LLP**<br>34. Abraham Goldberg (10-05439)<br>35. Charlotte Marden (10-05118)<br>36. James Marden (10-04341)<br>37. Marden Family (10-04348)<br>38. Murray Pergament (10-05194)<br><br>**LOEB & LOEB LLP**<br>39. Kenneth Evenstad Trust (10-04342)<br>40. Kenneth Evenstad Trust (10-04933)<br>41. MBE Preferred (10-04952)<br><br>**BAKER & MCKENZIE LLP**<br>42. Lowery (10-04387) |