# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 10, 2015

Nicholas J. Cremona
Direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL TO**
**bernstein.chambers@nysb.uscourts.gov**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   Securities Investor Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789 (SMB) – *Picard v. Cohen* (Adv. Pro. No. 10-04311) (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the consolidated estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").

We write to address the improper filing of a memorandum of law yesterday in the docket for the main liquidation proceeding (Adv. Pro. No. 08-01789, ECF No. 12224) and the Andrew H. Cohen adversary proceeding (the "Cohen Proceeding") (Adv. Pro. No. 10-04311, ECF No. 73) in direct contravention of your Honor's prior rulings and orders. The "Memorandum of Law (Provisional) of Intervenor-Customers on Value Defense Issues" was filed by defendants ("Movants") in 57 avoidance actions commenced by the Trustee, by which Movants sought to intervene in the Cohen Proceeding regarding certain purported "value" defenses under Bankruptcy Code Section 548(c).

At a conference held on September 30, 2015, your Honor granted the Movants' request for leave to file their motion to intervene, but withheld judgment as to whether the Movants may actually intervene in the Cohen Proceeding, stating, "Look, you can make your motion. I think you're going to be hard-pressed to convince me that you have any further right to be heard, at least in this Court on the antecedent debt issue." Transcript, Conference Regarding Certain Parties' Request to Intervene at 44:25-45:3, *Picard v. Cohen,* No. 10-04311 (SMB) (Bank. S.D.N.Y. Sept. 30, 2015). As a result, the Movants filed their motion to intervene on October 9, 2015 in the Cohen Proceeding (ECF Nos. 61-62), the Trustee filed his opposition brief on October 29, 2015 (ECF Nos. 65-66), and in turn, the Movants filed their reply papers on November 11, 2015 (ECF No. 69). While this Court has yet to rule on the Movants' motion to

Hon. Stuart M. Bernstein
December 10, 2015
Page 2

intervene, at no point at time did this Court permit the Movants to file the memorandum of law in the interim.

Furthermore, on October 14, 2015, this Court entered its Post-Trial Scheduling Order in the Cohen Proceeding, making clear that only the parties to the Cohen Proceeding were permitted to make submissions by certain dates—the Trustee by November 12, 2015 and December 31, 2015, and Mr. Cohen by December 9, 2015. The Post-Trial Scheduling Order explicitly states that "no further submissions shall be permitted except upon order of the Court." Post-Trial Scheduling Order, *Picard v. Cohen,* No. 10-04311 (SMB) (Bankr. S.D.N.Y. Oct. 14, 2015), ECF No. 63. These dates were also previously articulated at the trial held before this Court on October 14, 2015, and did not provide for any submissions by the Movants. *See* Transcript, Hearing Re: Trial at 26:5-28:8, *Picard v. Cohen,* No. 10-04311 (SMB) (Bank. S.D.N.Y. Oct. 14, 2015).

The Movants' filing is also in direct violation of Your Honor's Chamber Rules and Local Rule 5070-1 requiring that any moving party must contact Chambers to obtain a hearing date before filing and serving a motion, cross-motion, application or any other request for relief, especially if such briefing is not already permitted by the Court.

Through the filing of this memorandum of law, the Movants have taken it upon themselves to overrule the Trustee's objections and usurp this Court's authority to determine whether the defendants in 57 separate and distinct adversary proceedings should be heard as parties or *amici* in the Cohen Proceeding. The filing is particularly cavalier and entirely inappropriate because it is nothing more than a collateral attack on the law of this case—for which this Court previously determined that "[t]hose moving defendants that participated in the withdrawal of the reference of the antecedent debt/value issue have had their day in court and Judge Rakoff's decisions are law of the case." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 531 B.R. 439, 466 (Bankr. S.D.N.Y. 2015). *See also Picard v. Stanley Shapiro,* Adv. Pro. No. 10-05383, 2015 WL 7568376, at *12-13 (SMB) (Bankr. S.D.N.Y. Nov. 25, 2015) (ruling defendants' "value" arguments were previously foreclosed by Judge Rakoff; stating that defendants "cannot collaterally attack Judge Rakoff's reference order in this Court.") citing *In re Madoff Sec.,* 499 B.R. 416 (S.D.N.Y. 2013). The Movants have supplanted the judgment of this Court with their own and unilaterally determined that the relief sought in their intervention motion—currently *sub judice*—should be granted.

Accordingly, we respectfully request this Court to strike and remove the memorandum of law from the docket as improperly filed. We are available to discuss the foregoing at the Court's convenience.

The Securities Investor Protection Corporation has informed us that it joins in this letter.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona

cc (via email):

Hon. Stuart M. Bernstein
December 10, 2015
Page 3

    David J. Sheehan
    Keith R. Murphy
    Kevin H. Bell
    P. Gregory Schwed
    Richard A. Kirby
    Matthew A. Kupillas
    Carole Neville
    Richard Levy