**PRYOR CASHMAN LLP**                                                                    New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806                www.pryorcashman.com

April 14, 2016
[corrected]

**By ECF and Chambers' Email**
Hon. Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. No. 08-1789 (SMB) - *Picard v. Cohen,* Adv. Pro. No. 10-04311 (SMB) – Supplemental Authority

Dear Judge Bernstein:

      On behalf of the proposed intervenors in the *Picard v. Cohen* adversary proceeding referenced above, we write for the limited purpose of responding to the portion of the Trustee's letter dated April 11, 2016 (Adv. 10-04311 ECF No. 85), that addresses the summary decision of the Second Circuit in *Silverman v. Cullin*, No. 15-1341, 2016 WL 423800 (2d Cir. Feb. 4, 2016).

  The Trustee intimates that *Silverman* constitutes a persuasive holding by the Second Circuit on the value defense issue before the Court in *Cohen*. In his zeal to negate the proposed intervenors' position on the "value" defense afforded by 11 U.S.C. 548(c), the Trustee overstates the holding of *Silverman.*

      1.    The Second Circuit's summary order specifically disavows having previously "addressed this issue" (*i.e.*, whether or not fair consideration is or is not present in the context of Ponzi schemes). *See Silverman,* 2016 WL 423800 at *1. Indeed, the Court made no pronouncements of any kind as to the scope of the value defense under Section 548(c) available to a defendant in a fraudulent transfer action.

      2.    *Silverman* addresses only the element of "fair consideration" under the New York State avoidance statute, and therefore has no relevance to the determination of the Section 548(c) "value" defense at issue in the *Cohen* case. As *Janvey v. Golf Channel* (submitted with our April 7 letter (Adv. 10-04311 ECF No. 84) and its progenitors make clear, that defense is measured from the perspective of the transferee. As explained by the Fifth Circuit:

> In order to establish a *prima facie* case for avoiding a transfer as constructively fraudulent, the trustee must demonstrate that the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation." *Id.* This provision ensures that there is no great disparity between the value of the goods exchanged. But it does so, most importantly, from the perspective of the transferor: Did the transferor "receive[ ]" enough? *See Fairchild,* 6 F.3d at 1127 ("the recognized test is whether the investment conferred an economic benefit on the debtor").
>
> Compare this with the provision at § 548(c). Instead of inquiring into the possibility and extent of the debtor's loss, it provides a means by which the

**PRYOR CASHMAN LLP**

Hon. Stuart M. Bernstein, U.S.B.J.
April 14, 2016 [corrected]
Page 2

> unwitting trading partner can protect himself. Received property can be retained "to the extent" that the "transferee ... gave value to the debtor." The provision looks at value from the perspective of the transferee: How much did the transferee "give"? The concern here, quite properly, is for the transferee's side of the exchange, not the transferor's gain.
>
> Read in combination, §§ 548(a) and (c) are perfectly complementary. The first section affords creditors a remedy for the debtor's fraudulence or, as the case might be, mere improvidence; the second protects the transferee from his unfortunate selection of business partners.

*Hayes v. Jimmy Swaggart Ministries (In re Hannover Corp.)*, 310 F.3d 796, 802 (5th Cir. 2002). *Accord*, *Williams v. FDIC (In re Positive Health Mgmt.*, 769 F. 3d 899 (5th Cir. 2014); *Brandt v. Charter Airlines, LLC (In re Equipment Acq'n Resources, Inc.)*, 511 B.R. 527, 536-37 (Bankr. N.D. Ill. 2014); *Dobin v. Hill (In re Hill)*, 342 B.R. 183, 203-04 (Bankr. D.N.J. 2006); *Janvey v. Golf Channel, Inc.*, No. 15-0489, __ S.W.3d __ (Tex. Apr. 1, 2016).

3. The *Cohen* case (and other actions by the Trustee against innocent customers of Madoff Securities), unlike *Silverman*, involves a retail customer of a securities broker, in which the debtor was bound to its customers for a range of statutory, contractual and other legal obligations and duties. The defendant in *Silverman* was a lender to the business of the schemer, and is differently situated in all respects under applicable substantive law from the retail securities customers of a broker-dealer. Cases involving equity investors (or lenders) in Ponzi schemes simply are not relevant. *See* Proposed Intervenors' Provisional Br. at 32-36 (Adv. 10-04311 ECF No. 73).

4. The Second Circuit (and the lower court) in *Silverman* were clearly troubled by the fraudster's promise of up to a 48% return to his lenders (*see Silverman v. Cullin*, 2015 WL 1509583, at *4-5 (E.D.N.Y. Mar. 31, 2015)). The Circuit Court saw this for what is was: non-guaranteed interest well "in excess of commercially reasonable rates." *Silverman*, 2016 WL 423800 at *2 (2d Cir.). As the district court in *Silverman* recognized, "[t]he mere fact that unspecified contracts existed and that certain payments were in the form of quote-unquote 'interest payments' does not establish that these payments were made pursuant to a valid antecedent debt or constituted fair consideration." 2015 WL 1509583, at *4 (E.D.N.Y.).

5. Finally, as a summary order of the Second Circuit, *Silverman* is not precedential, Fed. R. App. 32.1.1; 2d Cir. R. 32.1.1, and therefore bears no special weight in this proceeding.

Respectfully,

| | |
|---|---|
| **PRYOR CASHMAN LLP** | **BAKER & McKENZIE LLP** |
| By:  */s/ Richard Levy, Jr.* | By:  */s/ Richard A. Kirby* |
| Richard Levy, Jr. | Richard A. Kirby |
| Counsel for Proposed Intervenors | Laura K. Clinton |
| Represented by Pryor Cashman LLP | Counsel for Proposed Intervenors |
| | Represented by Baker & McKenzie LLP |

**PRYOR CASHMAN LLP**

Hon. Stuart M. Bernstein, U.S.B.J.
April 14, 2016 [corrected]
Page 3

| **DENTONS US LLP** | **MILBERG LLP** |
|---|---|
| By: */s/ Carole Neville* | By: */s/ Matthew A. Kupillas* |
| Carole Neville | Matthew A. Kupillas |
| Counsel for Proposed Intervenors | Counsel for Proposed Intervenors |
| Represented by Dentons US LLP | Represented by Milberg LLP |

**LOEB & LOEB LLP**

By: */s/ P. Gregory Schwed*
    P. Gregory Schwed
    Daniel H. Besikof
Counsel for Proposed Intervenors
Represented by Loeb & Loeb LLP

cc (by ECF and email):
    Nicholas Cremona, Esq., Baker & Hostetler LLP
    Kevin Bell, Esq., SIPC